Writ refused. We find no error in the action of the Court of Appeal.

■

231 So.2d 396

**MEYNIER AND DILLMAN HARDWARE COMPANY, Inc.**

v.

**Bernard J. ARONSON etc., et al.**

**Bernard J. ARONSON and Gulf Insurance Co.**

v.

**Percy BIAS and Meynier and Dillman Hardware Company, Inc.**

**No. 50385.**

Feb. 27, 1970.

In re: Bernard J. Aronson, Individually and as Administrator of the Estate of the

Minor, Jan E. Aronson, and Gulf Insurance Company applying for certiorari, or writ of review, to the Court of Appeal, Fourth Circuit, Parish of Orleans. 229 So. 2d 365.

Writ refused. On the facts found by the Court of Appeal, there is no error in the judgment complained of.

■

231 So.2d 397

**Dr. Emmett HOUEYE et al.**

v.

**ST. MARTIN PARISH SCHOOL BOARD.**

**No. 50411.**

Feb. 27, 1970.

In re: Dr. Emmett Houeye, et al. applying for writs of certiorari and mandamus.

Application denied. The ruling complained of is correct.

See separate dissent of Summers, Justice.

SUMMERS, J., and BARHAM, J., are of the opinion that the writ should be granted. 28 U.S.C. § 1446(e) provides that *"the defendant or defendants"* upon filing a bond and complying with other procedural requirements may effect a removal

of a case from a state court to a federal court and thereby divest the state court of jurisdiction until a remand is had from the federal court. In the instant case *an intervenor* has attempted to remove a case from a state court to the federal court. *An intervenor* is without authority to effect such a removal. 28 U.S.C. § 1446(e) is inapplicable, and there has been neither a removal from the state court nor a divestiture of jurisdiction of that court. Only upon application for removal by *"the defendant or defendants"* will the provisions of 28 U.S.C. § 1446(e) inure and secure the jurisdiction of the federal courts. The state court should proceed with the case. Relator is entitled to relief under our supervisory jurisdiction.

SUMMERS, Justice (dissenting from the refusal to grant writs).

Relators were petitioners in the 16th Judicial District Court of St. Martin Parish on September 3, 1969 seeking an injunction to restrain the school board from putting a "bussing" plan into operation in the schools of the parish. The state court judge signed an order on September 3, 1969 to hear relator's petition for injunction on September 11, 1969.

On September 9, 1969 the United States of America, through the Department of Justice, filed with the United States District Court for the Western District of Louisiana a motion to remove the case from the state court to the federal court, and on that same day the court signed an order, ex parte in chambers, ordering the state court proceeding removed, vacating the order of the state court judge. The state court judge complied on September 11, 1969.

Efforts of relator's counsel to get the federal court to remand the proceedings to the state court were unavailing.

The pervading issue of this case may be stated as follows:

The United States District Court cannot, by an illegal, capricious and arbitrary effort assume jurisdiction over a case which is not properly before it, and oust the state court of jurisdiction to hear a cause pending on its docket.

I realize that other issues underlie this one, and I propose to develop them in a logical statement of the reasons why I cannot subscribe to the refusal of this Court to grant writs.

It is necessary to support the legality of the position I have assumed here to show that the attempt of the United States District Court is arbitrary and capricious because it is unsupported by law.

It must be recognized that this question presents the awesome prospect of a raw confrontation between the state and federal judicial systems, and this is not a pleasant prospect. It would be better for all concerned if it were not in view in this case,

Historically, the two systems have proceeded on the basis of comity—a friendly atmosphere in which the respective authorities of the two systems painstakingly avoid interfering with each other. Regrettably, however, for the integrity of federalism and the sovereignty of the states, there is little left of this vital doctrine of comity. The federal courts in a revolution by judicial fiat commencing at the United States Supreme Court have amended the Constitution at will, and by their usurpation of power have destroyed the respect in which the two systems have held one another. All that is left is weak subservience of the states to a display of federal judicial power far beyond the contemplation of the Constitution, the traditions or the history of this Nation.

The question here, however, is not so much what happens to the two systems in the resolution of this conflict, it is, instead, what happens to the rights of the citizens who are caught up in this unseemly conflict. They have a right to have this court compel the state district judge to assert his authority and give these relators their day in court—the court in which they have rightfully and legally chosen to litigate, and not in the court in which the federal district judge has erroneously and illegally sought to compel them to litigate. I do not believe that the jurisdiction and authority of state courts can be denied and nullified by an order of a federal district judge rendered without a basis in law.

1. *The Jurisdiction of the State Court*

On its face, the suit filed by relators, while it seeks the extraordinary relief of injunctive process, is really a commonplace cause within the realm of injunctive proceedings. The fundamental cause of action asserted is that the plaintiffs, who are all citizens of the judicial district before which the suit has been brought, allege that the defendants, who comprise a state body politic within that same jurisdiction, are about to do and are doing an illegal act and that they are doing it as the body politic and hence should be enjoined. Bourgeois v. Orleans Parish School Board, 219 La. 512, 53 So.2d 251 (1951); Barnett v. State Mineral Board, 193 La. 1055, 192 So. 701 (1939) and Lindsey v. Holland, 95 So.2d 754 (La.App., 1957).

Undoubtedly a significant question of conflicting jurisdictions between the federal and state systems is presented by the filing of this suit. I recognize that the defendants here are acting pursuant to an edict of the United States District Court directing a reorganization of the St. Martin Parish school system. Certain aspects of this order are challenged in this suit. These issues must be resolved recognizing the supremacy of federal power in certain spheres. The issue is how are the issues to be presented and in which forum?

The procedure for presenting issues before courts are prescribed in most instances, and in this instance, by procedural laws and regulations. They have not been observed in ousting the state court of its jurisdiction in this case. Instead raw federal power has been asserted to bring about the ouster.

### 2. The Illegal Order of Removal

We have been asked to issue writs directed to the state trial judge commanding him to proceed with the trial which had been fixed in his court. The correctness of his refusal to do so until now depends upon the legality of the order removing the case from his jurisdiction.

Section 1441 of Title 28 of the United States Code provides in specific detail the conditions for removal of causes pending before state courts into the federal jurisdiction.[1]

The right to removal of causes from state courts to the federal courts is a statutory right created by the express provisions of Section 1441 through 1450 of Title 28 of the United States Code. Finn v. American Fire and Casualty Company, 207 F.2d 113 (5th Cir. 1953) cert. denied 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954).

The right of removal being statutory, a party who seeks to avail himself of this right must show that he comes within the provisions of the statutes on the subject. Edwards v. E. I. DuPont DeNemours & Co., 183 F.2d 165 (5th Cir. 1950). Moreover, removal statutes are to be strictly construed, American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); and doubts must be resolved against the removal of the case to federal courts. This general rule of construction in removal cases applies to civil rights cases. City of Birmingham v. Croskey, 217 F.Supp. 947 (N.D.Ala.1963). The right to removal is restricted to the defendant or defendants. Hanrick v. Hanrick, 153 U.S.

---

1. Sec. 1441. Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

192, 14 S.Ct. 835, 38 L.Ed. 685 (1894). This much the federal court concedes in the reasons referred to to support its order refusing to remand.

In the light of the statute and these cases, there was no ground to order the removal. The statute and jurisprudence interpreting it are all federal and uniform to the effect that no authority exists to remove a case from a state court to a federal court on the petition in the federal court of a party who is not even a party to the state court proceeding. Yet that is what has been done here. No effort was made in the petition for removal to direct the court to authority to sanction the requested action. Nothing but a bare assertion of the right appears in the petition, still the order was signed forthwith, ex parte, without giving relators an opportunity to be heard.

Even more difficult to comprehend is the legality of the federal court's refusal to remand. The reasons relied upon in support of the action refer to Section 1651 of Title 28 and to Section 2283 of Title 28 of the United States Code.

Section 1651 of Title 28 is referred to generally as the "all writs" statute, and is said to be founded upon the Supremacy Clause of the United States Constitution (Clause 2 of Article 6). The statute reads:

Section 1651. Writs.

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

Truly, the statute confers broad powers upon federal courts, but there is a significant limitation contained in the statute itself, that is, that the writs be issued "agreeable to the usages and principles of law." The statute is not a license to disregard other statutes regulating the subject. To the contrary, it contains a specific limitation admonishing the federal courts to abide by the "principles of law." The removal statute (28 U.S.C. Sec. 1441) is such a principle of law. It has been disregarded here. The order of removal is therefore unsupported by law. It is illegal.

### 3. *The Order to Vacate*

The removal and the order to vacate the hearing on the rule nisi, which had been set by the state trial judge before the removal, taken together, make it clear that it is the purpose to prohibit further proceedings before the state forum. The state trial judge cannot try the case if he complies. In effect the orders of the federal court assume the proportions of injunctive process for they do just what an injunction does—they prohibit further conduct of the State court proceedings. Still,

none of the laws, federal or otherwise, for the issuance of injunction have been complied with. Rule 65 of the Federal Rules of Civil Procedure detail the prerequisite procedure for injunctive process. The order cannot be supported on this basis.

The "all writs" statute cannot support injunction either, because the order is not agreeable to the pertinent "principles of law" in that injunctive procedure has not been followed. Although injunction is authorized by Section 2283 of Title 28 of the United States Code to stay state court proceedings in certain cases, the statute does not permit the injunction unless the procedure for obtaining injunctions prescribed by Rule 65 of the Federal Rules is complied with. Such a conclusion is elementary. The proper procedure is illustrated in Thomason v. Cooper, 254 F.2d 808 (8th Cir.1958). Its authority should have been followed in this case.

### 4. *The Federal Court Lacks Jurisdiction*

Thus, in its present posture, this case gives no jurisdiction to the federal court. Whatever jurisdiction the federal court is authorized to exercise here must be invoked according to proper proceedings, properly conducted.

The proposition on which the relators base their demand for injunction is one which has been, time and again, incorporated in one way or another in the proceedings which are pending before the federal courts throughout the South. But the federal courts will not pass upon it and continue to ignore it, so that, to my knowledge, no federal court has undertaken to offer any explanation of the bearing of the Civil Rights Act of 1964 upon the prolix edicts which these courts are handing down daily, compelling school children of the South to be bussed back and forth across their school districts to achieve racial balance in flagrant defiance of the express terms of the 1964 Civil Rights Act.

By refusing writs this Court denies the people of this State the answers to these vital questions.

From the foregoing, the conclusion is inescapable that the Federal Court committed grievous error. Even more grievous is the refusal of this Court to assert its right to compel this adjudication in the state courts. Rights clearly reserved to the states under the Constitution have been abdicated.

I respectfully dissent.