SUMMERS, Justice
(dissenting).
In its decision today the Court recognizes, as it must, the invalidity of the removal proceedings. The reasons for this invalidity are detailed in my dissent to the refusal to grant writs in Houeye v. St. Martin Parish School Board, 255 La. 486, 231 So. 2d 397 (1970). In fact, the failure to comply with the removal statute (28 U.S.C. §§ 1441, 1446) is conceded by the Federal judge who issued the order and by counsel for the United States in these proceedings.
A perfunctory argument is made that the removal is warranted under the “all writs” statute (28 U.S.C. § 1651) and the injunction statute (28 U.S.C. § 2283), but the fallacy of this argument, which is plain, is also set forth in my dissent in the Houeye Case.
The majority, however, is undeterred by these obvious shortcomings in the position of the United States, so it finds that the Federal court may determine whether it has jurisdiction in this case, and that that is what was done; hence, it is held, this decision may not be challenged in the State court by a contention that removal by the Federal court is void, the proper redress being an appeal of the Federal District Court decision to a higher Federal court.
It would be vain to dispute the universally acknowledged right of a court to determine whether it has jurisdiction over the subject matter of the cause before it. I do not, and need not, do so here for this is not the issue of this case. What is the issue, however, and what is presented for adjudication today is the equally universal *1123 ly acknowledged principle that the parties may select the forum in which to pursue their litigation where jurisdiction is concurrent in both State and Federal courts as it is in this case. Normally this choice is exercised by the plaintiff when he initiates the suit. Under certain circumstances, invariably carefully delineated in the law, the defendant may obtain an order changing the forum selected by the plaintiff. This is the purpose of the removal procedure so carefully outlined in Section 1441 et seq. of Title 28 of the United States Code.
This procedure, however, was unavailable to the United States in these proceedings for it was not a “party” to the proceedings in the State court entitled to exercise the right to a forum change in the litigation instituted by plaintiff there.
In proper removal proceedings all parties find themselves automatically before the Federal court. Here, however, the inability of the United States to satisfy the requirements for removal made it necessary to order the State court parties to intervene in the federal proceedings under penalty of dismissal. An action of this character is without precedent and there is no authority in the law to support it. Rule 24 of the Federal Rules of Civil Procedure does provide for intervention of right and permissive intervention. Nowhere do we find, however, authority to compel intervention involuntarily as was done here.
Furthermore employment of the Rule 24 procedural device of intervention in this case is totally foreign to its conceptual basis. Rule 24 provides a procedure by which “one not made a party can protect himself from being excluded from an action which might be detrimental to him, or from an action when he might be able inexpensively to litigate his claim.” Wright, Federal Courts § 75. Since removal would not serve its purposes the government has found itself obliged to en-graft a “new intervention procedure” to a “new removal procedure” to get the litigants into Federal court.
And the “all writs” statute (28 U.S.C. § 1651) does not provide a vehicle for removing a case on the initiative of outsiders who are not parties to the cause sought be removed:
First, removal is a procedure to be employed by the parties defendant in order to select the forum agreeable to the parties; it is instituted independently of the court action and is unrelated to the exercise of the court’s jurisdiction. Removal is not a procedure in the nature of a writ available to the court in aid of its jurisdiction or to protect its rulings. Instead, removal is available to a defendant or defendants in order that they may exercise their right to select a forum.
Secondly, the “all writs” statute requires that it be invoked agreeable to “pertinent *1125 principles of law.” This is a command to adhere to principles already enacted by the Congress, when pertinent. It does not sanction a disregard of the removal statute which is “pertinent” to the facts of the case. The “all writs” statute provides a remedy to the courts when none is available, not a license to disregard prescribed procedure.
In this and related cases the proper procedure would have been injunction, a writ available to the courts to maintain, and in aid of, their jurisdiction (28 U.S.C. § 2283). Injunction permits a stranger to the State court proceeding to halt its progress; however, injunction would not have, and could not have, obliged the State court plaintiffs to litigate in Federal court. For these reasons injunction was neither sought nor ordered here and none of the formalities prescribed for injunction were observed.
It should be obvious that what has been done here is to usurp a power not granted by law to compel litigants of all cases of this nature to go into Federal court so that those tribunals may enforce a plan of school desegregation in accordance with their own peculiar concepts. It is an attempt to force plaintiffs into a federal forum the law to the contrary notwithstanding. It is not an adjudication of the issue of jurisdiction because the “parties” were not properly before the court to support any adjudication.
And the reference to comity in the majority opinion is woefully misplaced. If there has been a violation of comity in this case the violation occurred in the Federal court when it arbitrarily and capriciously invoked federal power to oust the State, disrupted the proceedings in progress there and assumed to force plaintiffs to litigate in the Federal court. What is particularly ominous about this proceeding is that the arbitrary exercise of power is at the urging of the Federal Government.
We cannot serve the cause of orderly judicial proceedings by sanctioning illegality; we cannot serve the cause of State-Federal relations by approving the arbitrary exercise of power by one system in defiance of the rights of the other; we cannot serve the cause of a viable federalism by permitting the Federal courts to degrade, humiliate and disparage the State courts, and last, but not least, we must grant litigants their rights as the law establishes those rights in order to uphold the American ideal of justice under the law.
I respectfully dissent.
SANDERS, J., dissents for the reasons assigned by SUMMERS, J.
BARHAM, J., dissents.