299 So.2d 433 (1974)
Vera M. SENAC
v.
L. M. BERRY COMPANY.
No. 6314.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1974.
Jean E. Senac, Jr., Metairie, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Raymond J. Salassi, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
GULOTTA, Judge.
This is an appeal from the trial court's judgment maintaining an exception of no cause of action to plaintiff's (employee's) suit for damages resulting from dismissal by the defendant employer. We affirm.
Plaintiff alleges that after many years of employment by the Times-Picayune Publishing Corporation she became employed as a sales representative by defendant on July 10, 1972. As part of her training, she was sent out of the state for a two-week course, at the defendant's expense. Because of illness while undergoing training and with her employer's knowledge, at his suggestion, she returned to New Orleans. Shortly thereafter, although she had almost recovered from her illness (flu), she was dismissed. It is significant that plaintiff does not allege that the employment was for a definite period of time.
The employee's claim is based on a breach of an oral contract of employment by the employer in dismissing plaintiff without cause. She alternatively seeks relief based on tort because of misrepresentation *434 in enticing her to leave her prior employment and by dismissing her, again, without cause.[1]
The thrust of defendant's exception is that the allegations of the petition do not state a definite term for the oral employment agreement; and, in such instances, such an agreement can be terminated at the will of either party.[2] We agree.
Article 2747 of the Civil Code states:
"A man is at liberty to dismiss a hired servant attached to his person or family without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
It is clear from the jurisprudence of this state, based on Article 2747, a contract of employment for an indefinite time, as in the instant case, can be terminated at the will of either party. See Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (1958).
Finally, we find no merit to the argument advanced by plaintiff that she was enticed by misrepresentations to leave her prior employment. We are bound by the allegations of the petition which are accepted as true when an exception of no cause of action is considered. We cannot go beyond the four corners of the petition.[3] Applying the above to the instant case, when we consider this petition, we fail to find allegations of enticement by misrepresentation for plaintiff to leave her prior employment. The only paragraph of the petition relating to these allegations states:
"Petitioner also avers additional damage on the theory of `equitable estopple' in that she gave up gainful employment, including a substantial retirement fund, relying on defendant's promise of a substantial increase in take home pay."
This paragraph simply does not state a cause of action for damages based on enticement by misrepresentation. Accordingly, we conclude the trial judge properly maintained the exception. The judgment is affirmed.
Affirmed.
NOTES
[1] Plaintiff cites Aguillard v. Lake Charles Stevedores, Inc., 284 So.2d 124 (La.App. 3rd Cir. 1973).
[2] Defendant relies on Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (1958); C.C. 2747.
[3] Blanchard v. Employers Liability Assurance Corporation, 197 So.2d 386 (La.App. 2nd Cir. 1967).