323 So.2d 921 (1975)
Henry E. INGRAM et al.
v.
KAISER ALUMINUM & CHEMICAL CORP. (GRAMERCY WORKS) and United Steel Workers of America, AFL-CIO, Local 5702.
No. 7133.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
Rehearing Denied January 13, 1976.
*922 Joseph J. Laura, Jr., New Orleans, for plaintiffs-appellants.
Taylor, Porter, Brooks & Phillips, F. W. Middleton, Jr., Baton Rouge, for defendant-appellee, Kaiser Aluminum & Chemical Corp. (Gramercy Works).
Dodd, Barker, Boudreaux, Lamy & Gardner, W. H. Boudreaux, Jr., Jerry L. Gardner, Jr., New Orleans, and Cooper, Mitch & Crawford, John C. Falkenberry, Birmingham, Ala., for defendant-appellee, United Steel Workers of America, AFLCIO, Local 5702.
Before SAMUEL, REDMANN and GULOTTA, JJ.
GULOTTA, Judge.
Plaintiffs appeal from a judgment maintaining an exception of no cause of action. The matter came before the State trial judge on remand from the United States District Court following removal to the Federal court and adjudication of Federal questions. Defendants are Kaiser Aluminum & Chemical Corporation (Gramercy Works) and The United Steel Workers of America.
Three plaintiffs, all hourly workers at Kaiser Aluminum & Chemical Corporation and members of a bargaining unit represented by the Union, seek damages consisting of loss of wages, mental anguish and impairment of future earning capacity[1] based on allegations that defendants entered into a conspiracy to unjustly fire plaintiffs. The petition alleges that plaintiffs were promoted from laborers to salaried supervisory positions (foremen)[2] at Kaiser; that under a contract between Kaiser and the Union in existence at the time that plaintiffs were promoted, they continued to accumulate seniority as hourly laborers which permitted them to return to their former capacities in the event their supervisory positions were terminated; that they were terminated as supervisors because of "reduction in force"; that without notice to them they were deprived of their vested seniority rights by a supplemental agreement between Kaiser and the Union entered into in July, 1971, subsequent to their promotion, but prior to their termination on September 24, 1971; that the supplemental agreement did not provide for accumulation of seniority when an hourly worker was promoted to a supervisory job and returned to his hourly employment. According to plaintiffs, the supplemental agreement prevented their return to hourly employment with Kaiser and thereby deprived them of employment without due process of law and also deprived *923 them of their vested seniority rights.
The United States District Court rendered a summary judgment in favor of defendants on those matters involving Federal questions. In written reasons, the Federal trial judge stated the following issues were presented:
1. Were the petitioners deprived of due process of law by the change in the seniority agreement of 1971?
2. Did the Union violate any duty it owed petitioners by negotiating this change?
3. Are seniority rights accrued under a contract "vested" so that they cannot be altered by a later agreement?
4. Was there any duty on the part of either Kaiser or United Steel Workers to notify petitioners of the 1971 negotiations or the seniority changes made therein?
In an opinion handed down on May 24, 1973, and a supplemental opinion dated October 25, 1973, the Federal trial judge decided the questions enumerated above against the plaintiffs. See Ingram v. Kaiser, Civil No. 72-2680 (E.D.La. May 24, 1973). The opinion went on to say that plaintiffs' claims that defendants conspired to unjustly fire them raise allegations of a tort under state law. The matter was then remanded to the state court for consideration of the tort claim. No appeal was taken from that judgment. The same enumerated issues raised in the Federal District Court were raised in the state trial court and are reurged on appeal.
Because the issues relating to plaintiffs' contractual and seniority claims have been disposed of and are now res judicata,[3] we are confronted with the now narrow remaining issue, i. e., whether or not plaintiffs were unjustly terminated without cause.
LSA-C.C. art. 2747 provides:
Art. 2747. Contract of servant terminable at will of parties
"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
In conformity with the foregoing Codal provision, the courts of this state have enunciated the principle that in those instances where the hiring of an employee is for an indefinite period, the contract is terminable at the option of either employer or employee, and the services of the employee may be discontinued by the employer at any time with or without cause. Senac v. L. M. Berry Company, 299 So.2d 433 (La.App., 4th Cir. 1974); Baker v. Union Tank Car Company, 140 So.2d 397 (La.App., 1st Cir. 1962). Only where a contract of employment has been entered into for a definite term is good and just cause required for termination during that term. See LSA-C.C. art. 2748. No allegation is made, nor do plaintiffs contend, that they were employed for a definite term.
Plaintiffs' petition fails to state a cause of action. The judgment is affirmed.
Affirmed.
NOTES
[1] Plaintiffs do not seek reinstatement.
[2] Henry E. Ingram was promoted on August 1, 1967. Evans Alleman was promoted on July 1, 1970, and Louis F. LeBlanc, the third plaintiff, was promoted on December 15, 1969.
[3] See Transamerica Insurance Company v. Whitney National Bank of New Orleans, 251 La. 800, 206 So.2d 500 (1968); Swope v. St. Mary Parish School Board, 256 La. 1110, 241 So.2d 238 (1970). Res judicata, among other things, was raised in argument. Whether or not res judicata was properly plead is problematical. However, we find no necessity of considering this question because clearly the petition fails to set forth sufficient facts upon which to base a cause of action in tort in a state court. Furthermore, the insufficiency cannot be cured by amendment since plaintiffs' claim is based on employment for an indefinite term.