338 So.2d 967 (1976)
Frank FREEMAN
v.
ELBILCO, INC.
No. 7606.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
Robert E. McDonald, Metairie, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Robert E. Barkley, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SCHOTT, Judge.
The trial court maintained an exception of no cause of action and allowed plaintiff fifteen days in which to amend his petition. When he failed to amend his suit was dismissed on a contradictory motion filed by defendant. Plaintiff has appealed.
The petition alleges as follows: Plaintiff was employed by defendant as a maintenance repairman and he was injured in the course of his employment three months after he was employed. Some compensation benefits were paid. As a result of the injuries he still suffers pain and is permanently disabled. Immediately after the accident he was dismissed as an employee in violation of his oral contract of employment with defendant. The dismissal was arbitrary, capricious and without cause.
The petition then contains the following:
"14.
Under the terms of the oral contract between your plaintiff and the defendant herein, your plaintiff was to be employed as a maintenance-installation and/or repairman by the defendant, ELBILCO, INC. engaged to do certain maintenance and/or repair work on real property owned, managed and/or operated by the defendant, ELBILCO, INC. in the Avondale, Louisiana area at a wage of $3.50 per hour.
"15.
In addition to the hourly wage paid unto the plaintiff by the defendant, the plaintiff was furnished by the defendant a truck for his use, including one full tank *968 of gasoline per week, together with certain other employment benefits, such as paid vacation and the like, all of which will be more fully shown at the trial of the merits of this matter.
"16.
The plaintiff avers that the defendant had no right to discharge him at this time and to terminate the benefits due him under his contract of employment with the defendant."
Plaintiff then prays for full wages from the date of the accident to the present, the loss of the use of the truck, loss of vacation pay and insurance benefits and damages for mental anguish and suffering.
Plaintiff cites no law and we know of none which prohibited defendant from dismissing him under the circumstances alleged. Defendant discharged its obligation to provide Workmen's Compensation benefits to plaintiff. It is conceivable that an employer could, by an employment contract, agree to pay an employee his full wages in the event the employee was injured on the job for as long as he remains disabled from such injury, but plaintiff has not alleged this to be the terms of the employment contract and has therefore failed to state a cause of action for such relief.
Despite the fact that plaintiff was given sufficient opportunity to amend to show otherwise, there is no allegation that the employment was for a definite (or determinable) term. Under these circumstances the employment can be terminated at the will of either party. Senac v. Berry, 299 So.2d 433 (La.App. 4th Cir. 1974).
Accordingly, the judgment appealed from is affirmed at plaintiff's cost.
AFFIRMED.