363 So.2d 1240 (1978)
Albert D. LAQUE
v.
ST. CHARLES PARISH POLICE JURY et al.
No. 9417.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
Leonard K. Fisher, Jr., Boutte, for plaintiff-appellant.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff, Albert D. Laque, appeals from a dismissal of his suit against the St. *1241 Charles Parish Police Jury in which he sought reinstatement to his former position of Parish Administrator. Laque was employed by the Jury as Parish Administrator in August, 1968 for a four year term. He served in that capacity until August, 1975, when he resigned to run, unsuccessfully, for Sheriff. He was reemployed in the same capacity on December 15, 1975 under a contract which set his salary at $819.28 biweekly but was silent as to term. He was dismissed without a hearing on December 20, 1976. No reason was given for the termination.
In this court appellant contends his position was covered and protected by Civil Service and thus he is entitled to reinstatement. We do not agree.
On August 17, 1971, under the authority of Act 453 of 1968 (R.S. 33:1236(34)) the Jury enacted Ordinance 66-3-86 creating a Civil Service system and other matters relating thereto and on April 27, 1972 the Civil Service Board adopted rules and regulations therefor. As provided by Article 15 of the ordinance[1] (adopted verbatim under the rules of the Board) plaintiff's position was covered by Civil Service. However, on December 18, 1972, the Jury amended Article 15 to except therefrom, i. e., to take out of the classified service, the positions of Parish Administrator, Secretary to the Police Jury and Parish Treasurer.
Had plaintiff not resigned his position on August 4, 1975 he might successfully argue the civil service status he acquired on August 17, 1971 and April 27, 1972 could not be diminished. However, his resignation terminated that right.
When plaintiff was reemployed on December 15, 1975 he was employed under and bound by the ordinance in effect on the date of that reemployment. As stated above the ordinance at that time clearly provided the position of Parish Administrator was not in the classified service. We know of no law or reason, and plaintiff has pointed to none, which would prevent the Jury from validly passing that ordinance insofar as plaintiff is now concerned. As plaintiff was not protected by Civil Service at the time of his reemployment, and as that employment was not for a fixed term, his employment could be terminated by the Jury at any time with or without cause.[2]
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] "The classified service shall comprise every position to which the right of employee selection, appointment, supervision and discharge is vested in the Police Jury of the Parish of St. Charles."
[2] Civil Code Art. 2747; Freeman v. Elbilco, Inc., La.App., 338 So.2d 967; Ingram v. Kaiser Alum. & Chem. Corp., (Gramercy Wks.), La. App., 323 So.2d 921; Senac v. L. M. Berry Company, La.App., 299 So.2d 433.