BARRY, Judge.
An Orleans Parish sheriff’s employee, formerly serving as a Captain, appeals a Civil Service Commission ruling which maintained his reduced rank and classified status as a deputy. The Sheriff answered *294 that the employee forfeited his classified status by accepting an unclassified position without the required leave of absence.
Ronald Cherry was hired as a probationary Prison Officer I (deputy) on April 20, 1970 and acquired permanent status before December 31, 1974. In April, 1977 Cherry was promoted via civil service to P.O. Ill (Lieutenant) and in July, 1978 the Sheriff elevated him to P.O. IV (Captain) under his unclassified pay plan.
In June, 1977 the Supreme Court held the 1974 Constitution placed criminal sheriff’s employees in unclassified civil service.[1] Civil Service Commission of the City of New Orleans v. Foti, 349 So.2d 305 (La.1977). Citing Article XIV § 9 of the 1974 Constitution, the Court stated:
“Accordingly, employees of the criminal sheriff who prior to the effective date had acquired classified status shall retain that status.” Id. at 310.
Shortly thereafter the sheriff's office filed papers on all deputies hired after January 1, 1975, changing their status from classified to unclassified. On December 2, 1977 Cherry’s status was changed to unclassified. The Sheriff continued using Civil Service forms and rank designations through December, 1980 because the payroll was prepared by City computers.
In January, 1981 the Sheriff began to administer his payroll. There were different pay scales for classified and unclassified personnel. The Sheriff testified he was faced with a 10% budget cut and a 25% increase in prisoners and decided to eliminate all overtime pay. Civil Service rules require that classified employees receive time and a half for overtime and double time on holidays. He determined civil service workers would revert to 8 hour shifts and unclassified employees would work 12 hours with no overtime pay.
In April and May, 1981 the Sheriff held several meetings with the’remaining classified employees in order to persuade them to accept unclassified status. He told them it was his position that under Foti they would revert to their rank held on the effective date of the 1974 Constitution if they chose to remain under Civil Service. Some personnel relinquished their classified status while others, including Cherry, did not. The Sheriff reduced Cherry’s classification to his pre-1974 Constitution status, i.e., P.O.I. Shortly thereafter he was placed on annual leave and appealed his “illegal demotion” to the Civil Service Commission and asked for restoration of his annual leave that he was forced to take. The Commission restored the annual leave but maintained Cherry’s status as classified Prison Officer I.
Cherry claims the Foti decision did not have the effect of locking classified employees of the Sheriff’s office into the rank they had achieved as of the effective date of the 1974 Constitution. Instead, he argues, Foti recognized that employees who had attained permanent classified status as of December 31, 1974 would retain classified status only: i.e., these employees could be promoted to a higher rank and still remain within the classified system. For this reason, he submits, his present rank within the classified service should be P.O.IV.
The Sheriff answered the appeal maintaining Cherry has no classified status. He argues Cherry accepted an unclassified position without following Civil Service Rule VIII § 6 of the City of New Orleans.[2] Since he failed to obtain a leave from his classified position, he forfeited that status and the Commission had no subject matter jurisdiction. In the alternative, the Sheriff *295 asserts the Commission erred by restoring Cherry’s annual leave because it was taken voluntarily.
The “grandfather” clause of the 1974 Constitution, Art. XIV § 9 is unambiguous that classified employees “shall retain said status in the position, class, and rank that they have on such date [the effective date of the Constitution] and [the employee] shall thereafter be subject to and governed by this constitution ...” This language simply means any change in “position, class, and rank” after December 31, 1974 will take the employee out of classified status and render him “subject to ... this constitution,” i.e., his status becomes unclassified. Beginning in 1975 there were no classified positions in the Criminal Sheriffs Office except those in the “position, class and rank” before that time. Therefore, Cherry’s position was a Prison Officer I. Once Cherry was promoted out of that “position, class, and rank” he became unclassified and worked at the discretion of the Sheriff.
Rule VIII § 6[3] of the Civil Service Rules of New Orleans provides that a civil service employee can accept an unclassified position and retain classified status by obtaining a leave of absence without pay. Cherry failed to take this step.
Admittedly, the status of all classified employees was questionable until Foti became final on September 2, 1977. Thereafter, Rule VIII § 6 came into play for those seeking promotions into unclassified positions. Cherry accepted advancement to Captain (unclassified) on July 27, 1978, more than ten months after Foti. The Commission had no authority to ignore Foti or waive Rule VIII § 6; therefore the Commission was effectively removed from subject matter jurisdiction.
The decision of the Civil Service Commission is reversed for lack of jurisdiction and Mr. Cherry’s petition is dismissed.
REVERSED.

. Article X § 2(B)(10) and Article V § 32.

. An appointing authority may grant a regular employee special leave of absence without pay whenever such leave is for the purpose of enabling such employee to accept an unclassified position in the city service, except an elective office. Any such leave heretofore granted by an appointing authority for the purpose herein expressed may be extended by such appointing authority from the date such leave was originally granted; provided, however, that the leave without pay herein authorized shall automatically end whenever an employee resigns from his unclassified position or his employment therein is otherwise terminated.

. Footnote 2, supra.