## WINDHOLZ v. EVERETT et al.
### No. 3714.

Circuit Court of Appeals, Fourth Circuit.
Jan. 8, 1935.

C. M. Bain, of Norfolk, Va. (W. B. Rodman, of Norfolk, Va., Charles Whedbee, of Hertford, N. C., and W. S. Privott, of Edenton, N. C., on the brief), for appellant.

W. D. Pruden, of Edenton, N. C. (McMullan & McMullan, of Elizabeth City, N. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order setting aside a judgment and remanding the cause in which it was entered to a state court on the ground that it had been improperly removed therefrom. The action was commenced in the superior court of Chowan county, N. C., against the receivers of the Norfolk Southern Railroad Company to recover for damage sustained by a ferryboat of plaintiffs in a collision with a drawbridge of the railroad company. The case was removed into the court below under section 33 of the Judicial Code as amended, 28 USCA § 76, on the ground that the defendant receivers had been appointed by a court of the United States and were officers of that court. At the March term, 1934, a trial was had, and verdict was directed for defendants and judgment entered in their behalf. Plaintiffs excepted to the judgment, but did not perfect an appeal therefrom. On June 2d, however, after the expiration of the March term, they moved to set aside the verdict and judgment on the ground that the court was without jurisdiction. This motion was sustained, and order was entered setting aside the verdict and judgment and remanding the case to the state court. The appeal of defendants is from this order.

The position of plaintiffs is that, under the recent decision of the Supreme Court in Gay v. Ruff, 292 U. S. 25, 54 S. Ct. 608, 78 L. Ed. 1099, 92 A. L. R. 970, the case was not removable into the federal court; that the proceedings in that court were consequently void and could be set aside at any time; and that, when set aside, the case was properly remanded to the state court as having been improperly removed. We need not consider contentions of defendants to the effect that the case was one properly within the admiralty jurisdiction of the District Court or that it was one arising out of a statute regulating commerce; for we are of opinion that, even though these grounds of jurisdiction be disregarded, the judgment entered in favor of defendants was not absolutely void and could not be set aside by the court below after the expiration of the term at which it was entered.

In every suit in a federal court, the question of jurisdiction is always present, whether expressly raised or not; and any ruling upon the merits carries with it by implication a ruling on jurisdiction, which, if erroneous, must ordinarily be corrected not later than the term at which judgment is rendered or while the cause is pending on appeal. But such error, even where federal jurisdiction does not appear upon the record, does not render the judgment absolutely void or subject it to collateral attack, if the parties are properly before the court and the cause is one within the general class of which the federal courts may take jurisdiction upon the existence of a specific basis therefor, such as diversity of citizenship or the fact that defendant is a federal officer. In Des Moines Nav. & Ry. Co. v. Iowa Homestead Co., 123 U. S. 552, 557, 8 S. Ct. 217, 219, 31 L. Ed. 202, prior decisions on the subject were reviewed by the Supreme Court, and the rule here applicable was stated as follows:

"It was settled by this court at a very early day that, although the judgments and decrees of the circuit courts might be erroneous, if the records failed to show the

facts on which the jurisdiction of the court rested, such as that the plaintiffs were citizens of different states from the defendants, yet that they were not nullities, and would bind the parties until reversed or otherwise set aside. In Skillern's Executors v. May's Executors, 6 Cranch, 267 [3 L. Ed. 220], the circuit court had taken jurisdiction of a suit, and rendered a decree. That decree was reversed by this court on appeal, and the cause remanded, with directions to proceed in a particular way. When the case got back it was discovered that the cause was 'not within the jurisdiction of the court,' and the judges of the circuit court certified to this court that they were opposed in opinion on the question whether it could be dismissed for want of jurisdiction after this court had acted thereon. To that question the following answer was certified back: 'It appearing that the merits of the cause had been finally decided in this court, and that its mandate required only the execution of its decree, it is the opinion of this court that the circuit court is bound to carry that decree into execution, although the jurisdiction of that court be not alleged in the pleadings.' That was in 1810. In 1825, McCormick v. Sullivant, 10 Wheat. 192 [6 L. Ed. 300], was decided by this court. There, a decree in a former suit was pleaded in bar of the action. To this a replication was filed, alleging that the proceedings in the former suit were coram non judice, the record not showing that the complainants and defendants in that suit were citizens of different states; but this court held on appeal that 'the courts of the United States are courts of limited, but not of inferior, jurisdiction. If the jurisdiction be not alleged in the proceedings, their judgments and decrees may be reversed for that cause on a writ of error or appeal; but until reversed they are conclusive between the parties and their privies.' 'But they are not nullities.' There has never been any departure from this rule."

In the case from which we have quoted, it affirmatively appeared from the record that one of the defendants was a citizen of the same state as the plaintiff, and it was contended that this defeated the jurisdiction; but the court after pointing out that a severable controversy was alleged as to the several defendants, said: "Whether in such a case the suit could be removed was a question for the circuit court to decide when it was called on to take jurisdiction. If it kept the case when it ought to have been remanded, or if it proceeded to adjudicate upon matters in dispute between two citizens of Iowa, when it ought to have confined itself to those between the citizens of Iowa and the citizens of New York, its final decree in the suit could have been reversed, on appeal, as erroneous, but the decree would not have been a nullity. To determine whether the suit was removable in whole or in part or not, was certainly within the power of the circuit court. The decision of that question was the exercise and the rightful exercise, of jurisdiction, no matter whether in favor of or against taking the cause."

■ In the case at bar, the court below, in ordering the cause removed under section 33 of the Judicial Code, passed directly upon the question of its jurisdiction, holding that the case was removable into the federal courts under that section because brought against an officer of a court of the United States. In the light of the decision in Gay v. Ruff, supra, this action was erroneous; but the question was one which the court was competent to determine, and its determination thereof, while subject to correction on appeal, was not a nullity. And it is immaterial that the removal was ordered upon a ground which as a matter of law furnished no basis of jurisdiction. This was expressly held in Dowell v. Applegate, 152 U. S. 327, 14 S. Ct. 611, 616, 38 L. Ed. 463, where, after adverting to the contention that the ground upon which the federal court assumed jurisdiction was insufficient in law to make the case one arising under the laws of the United States, the court used language which is conclusive of the point here, saying: "But that was a question which the circuit court of the United States was competent to determine in the first instance. Its determination of it was the exercise of jurisdiction. Even if that court erred in entertaining jurisdiction, its determination of that matter was conclusive upon the parties before it, and could not be questioned by them, or either of them, collaterally, or otherwise than on writ of error or appeal to this court."

■■ As the judgment was not one which might have been set aside at any time as being absolutely void, the question which arises is whether motion to set it aside was seasonably made; and we think that this question must be answered in the negative. The plaintiffs did not perfect their appeal. Had they done so, the right of this court to review the action of the court below on the question of jurisdiction would have been preserved, whether the question was expressly presented by the appeal or not. Cad-

dell v. Powell (C. C. A. 4th) 70 F.(2d) 123. But the appeal was abandoned; and not until after the expiration of the trial term was motion made to set aside the judgment from which appeal had been taken. As no motion had been made during the term or other action taken which continued the power of the court over the judgment, this power had expired with the expiration of the term. The trial judge may allow an appeal from a judgment at any time within three months after it is rendered; but it is well settled that his power to set aside the judgment ends with the term at which it is rendered, unless preserved by motion or other appropriate proceeding commenced during the term. Hiawassee Lumber Co. v. U. S. (C. C. A. 4th) 64 F.(2d) 417, 418; Marion County Court v. Ridge (C. C. A. 4th) 13 F.(2d) 969, 970; Realty Acceptance Corporation v. Montgomery, 284 U. S. 547, 52 S. Ct. 215, 76 L. Ed. 476; Delaware, L. & W. R. Co. v. Rellstab, 276 U. S. 1, 48 S. Ct. 203, 72 L. Ed. 439; United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129; In re Metropolitan Trust Co., 218 U. S. 312, 31 S. Ct. 18, 20, 54 L. Ed. 1051; Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797.

The case of In re Metropolitan Trust Co., supra, is directly in point. In that case the Circuit Court, after denying a motion to remand, sustained a demurrer of the Metropolitan Trust Company, one of the defendants, and dismissed the bill as to the others. Pollitz v. Wabash R. Co., 167 F. 145. From this decree of dismissal an appeal was taken, but the decree in favor of the trust company on its demurrer was not brought before the appellate court. The Circuit Court of Appeals (176 F. 333) reversed the decree of dismissal, and directed that the case be remanded to the state court. The Circuit Court (180 F. 950) then vacated its decree entered on the demurrer of the trust company, on the ground that it was without jurisdiction to enter same; but the Supreme Court held that, after the expiration of the term at which this decree was entered, the Circuit Court was without authority to vacate it, saying:

"The motion was not made for the purpose of correcting a clerical error or an inadvertence. After the term had expired, and after the complainant had exercised his right of appeal to procure a review of the errors of which he desired to complain, it was sought to set aside a decree which stood unreversed, and by which the trust company had been dismissed from the cause. To reach this result, the circuit court asserted the power to vacate the decree upon the ground that it had been rendered without jurisdiction; and the court held that it must be treated as a nullity. But the decree cannot be so regarded unless the court, upon the motion to remand, was without jurisdiction to determine whether a separable controversy existed, and hence not merely committed error, but exceeded its authority. The decree was not a nullity unless the order refusing to remand was a nullity; and the latter contention was negatived by the decision of this court upon the application for a writ of mandamus in Re Pollitz [206 U. S. 323, 27 S. Ct. 729, 51 L. Ed. 1081], supra. The reversal by the circuit court of appeals of the final decree as to the other defendants, and its direction to remand, did not make the decision of the court of first instance any the less 'a judicial act, and within the scope of its jurisdiction and discretion'; and as that reversal and direction did not affect the trust company, the decree in its favor remained in full force. The question is not with respect to the mere form of the application which was made to the circuit court for the purpose of setting the decree aside. When the motion was made, the court was without jurisdiction to vacate the decree."

█ The question before us is not whether appeal may be taken from the order remanding the case to the state court, but whether the final judgment entered in favor of the defendants may be set aside after the expiration of the term. For the reasons stated, we think that this question must be answered in the negative, and the order appealed from will accordingly be reversed.

Reversed.