McBRIDE, Judge.
The suit of the ten plaintiffs herein against thirteen defendants in which plaintiffs seek to be declared the owners of certain property, for damages, and for an *384 accounting for certain oil royalties was dismissed pursuant to LSA-C.C.P. art. 561-in the court below on motion of The Texas Company, one of the defendants, on the ground of abandonment due to the parties having failed to take any steps in its prosecution or defense in the trial court for a period of five years, and plaintiffs have appealed. Certain other questions are presented to this court by virtue of the answer to the appeal by The Texas Company. However, the first question that must be answered is whether there was such lack of prosecution as to amount to an abandonment of the suit. The other questions raised by the answer to the appeal must wait until we decide whether plaintiffs have abandoned the case.
This suit was filed August 8, 1950, and on September 15, 1950, The Texas Company had the cause removed to the United States District Court, Eastern District of Louisiana, and the matter therein remained until September 24, 1954, when jurisdiction was refused by the federal court and the matter remanded to the state district court below, wherein it was reinstated by the court’s order on December 21, 1954.
For some reason undisclosed, the record of appeal as made up by the Clerk of the lower court does not contain certain pleadings which were filed by the parties in the federal court or a certified copy thereof. We know there were certain pleadings filed in the federal court because counsel for plaintiffs filed in this court long after the record of appeal had been filed a certified copy of an answer filed by The Texas Company in the federal court while the matter there pended, and it may well be that such pleadings will be of much importance in connection with a determination whether the matter was abandoned through lack of prosecution. Where a case has been removed to a federal court and is subsequently remanded to the state court for lack of jurisdiction, the state court shall determine what should be “done” with pleadings filed in the case whilst it was in the federal court. 76 C.J.S. Removal of Causes § 312, p. 1160; Broadway Ins. Co. v. Chicago G. W. Ry. Co., 101 F. 507, 510. We simply cannot pass on the question of abandonment because of the omission from the transcript of a material part of the trial record, namely the pleadings in the federal court, and we deem it expedient and absolutely necessary »to order the record of appeal corrected pursuant to LSA-C.C.P. art. 2132.
Therefore, the matter is remanded to the Twenty-fourth Judicial District Court for the Parish of St. Charles, and the Clerk of said court is hereby ordered and directed to correct the record of appeal by inserting therein all of the proceedings and pleadings, or certified copies thereof, taken or filed in the matter while it pended in the United States District Court for the Eastern District of Louisiana, after which the record is to be relodged in this court.
Remanded.