HAMlTER, Justice.
This is a mandamus proceeding in which the relators, who are citizens and residents of St. Mary Parish, seek to compel the district court of such parish to hear and determine an injunction suit filed by them therein, although the action was ordered removed to the United States District Court, Western District of Louisiana, by a decree of the latter.
The facts and circumstances preceding the filing of the present petition for certiorari and mandamus are as hereinafter set forth.
On August 31, 1965 certain citizens of St. Mary Parish instituted a class action in the United States District Court, Western District of Louisiana, against the parish school board, they alleging therein that the hoard was maintaining racially segregated schools in violation of the Fourteenth Amendment of the federal constitution; and they sought an order which would effect desegregation of the school system. Ultimately, the federal court, on August 4, 1969, entered an order directing the desegregation of the schools and also decreeing that the board follow a certain plan set forth by it. Boudreaux v. St. Mary Parish School Board, 5 Cir., 417 F.2d 801.
On September 3, 1969, these relators filed the injunction suit above referred to in the state district court (the Sixteenth Judicial District Court of St. Mary Parish), naming as the defendants the St. Mary Parish School Board and the members thereof. Therein they alleged that: “Defendants, pursuant to a decree of the United States District Court * * * have prepared and have submitted to said court a plan * * * for the reorganization of the public school system within their jurisdiction * * * which said plan was accepted by an order of the court dated August 8, 1969, and petitioners allege that unless restrained and enjoined by judgment of this court, said defendants will proceed to the implementation of said plan, which said plan is illegal and unconstitutional as applied to the petitioners and other similarly situated in the following respects.” The petition then set forth the alleged grounds for illegality of the plan, among them being that it violates .the laws of the United States [The petition cites: “ * * * particularly, 42 U.S.C.A. Sections 2000C(B), 2000C-2 and 2000-6(A), * * *.”] and the equal protection clause *1115 of the Fourteenth Amendment of the United States Constitution.
The prayer sought a temporary restraining order enjoining the board from implementing the “plan of reorganization * * which was filed in the United States District Court * * * and accepted by said court by order of August 8, 1969 * * and asking that a rule nisi issue to the defendants to show cause why a preliminary injunction should not be decreed in the form and manner of the temporary restraining-order. The petition concluded with the further prayer that, after due pro-, ceedings, a judgment be rendered “declaring the plan of reorganization to be illegal and unconstitutional, and enjoining the said defendants from the implementation thereof by any act whatsoever.”
The state district judge denied the request for a restraining order, but he ordered the school board to show cause on September 12, 1969 why the preliminary injunction should not issue as prayed for.
The school board and its members answered alleging that they had done everything possible to oppose the action of the federal government and its various agencies in abolishing the freedom of choice method of operation of the schools within their district and that they will do “whatever is necessary in these premises.” They prayed that the court “render such orders, as justice and reason demand.”
On September 9, 1969 the United States government, through the attorney general, sought and obtained the right to appear in the Boudreaux matter as intervenor and, as such, to submit pleadings, evidence, arguments and briefs; to move for injunctive and other necessary and proper relief; and to initiate such further proceedings as might be necessary and appropriate. On the same day, it obtained from the federal district court an order of removal of relator’s injunction suit to that court and have it consolidated with the Boudreaux case. The federal court also issued an order vacating the preliminary hearing set in the state court.
Although we do not find in the record any formal order of the state district judge removing the injunction suit to the federal court, the minutes of September 10, 1969 reflect that the hearing on the rule nisi was vacated in accordance with the federal court directive, and that relators’ counsel were notified of the action.
Thereafter, with respect to such suit, these relators filed in the federal district court a “motion to remand and to recall stay order.” Therein, they alleged that the petition for removal did not comply with the provisions of the Judicial Code for effecting a removal; that the federal court was without jurisdiction of the action; and that it had no authority to vacate the state court’s order.
*1117 On October 29, 1969, following a hearing, the federal court denied the motion to remand and to recall the stay order “for the reasons set out in the Evangeline Parish case.” The ruling further said that it gave relators fifteen days to file a petition of intervention in the federal court. Then, in accordance with federal practice and procedure, the matter was certified for appeal.
Relators neither filed the intervention nor did they appeal from the ruling of the federal court refusing to remand the case to the state court. And on motion of the United States, the federal court (on February 26, 1970) ordered the relators’ suit dismissed for failure to comply with its order of October 29, 1969 which permitted such intervention, stating that it is a “final judgment under Rule 54(b), F.R.Civil P., subject to appeal.” No appeal was taken from this judgment.
Meanwhile, the relators sought a writ of mandamus from the Louisiana Court of Appeal, First Circuit, seeking the same relief it prays for in the proceedings presently under consideration. But on February 11, 1970 that court denied the writ stating that “This court has no jurisdiction, the matter having been removed to federal court.”
We are now considering the litigation on writs issued by us on March 30, 1970 (our decision granting the writs was by a four to three vote).
In urging that the state district judge should be compelled to proceed to hear and determine their injunction suit filed in the state court, despite the fact that it has been removed to the federal court, the relators insist that the procedure by which the suit was so removed was irregular and, hence, rendered the removal order an absolute nullity which can be ignored by the parties litigant and by the state courts. The reasons for the nullity of the judgment urged here are the same as those offered by the relators in the federal court in their motion to remand, including the attack on that court’s jurisdiction.
Conceding, arguendo, that the procedural and jurisdictional defects of the removal proceeding as alleged by the relators do exist we do not agree that the decrees of the federal court removing the cause and refusing to remand it can be treated either by the parties or by the state courts as absolute nullities such as to render them nonexistent.
Much the same argument was made by the plaintiff in Windholz v. Everett, 4 Cir., 74 F.2d 834, which was a case on appeal to a Federal Circuit Court of Appeals from a judgment setting aside a former decree and remanding the matter to the state court (on the ground that it had been improperly removed because the federal court to which it had been taken did not have jurisdiction of the cause). As in this case, it *1119 was urged therein that the lack of the court’s jurisdiction rendered the entire proceeding, including the removal, an absolute nullity and of no effect whatsoever. However, the court, holding to the contrary, said: “In the case at bar, the court below, in ordering the cause removed under section 33 of the Judicial Code, passed directly upon the question of its jurisdiction, holding that the case was removable into the federal courts under that section because brought against an officer of a court of the United States. In the light of the decision in Gay v. Ruff, 292 U.S. 25, 54 S. Ct. 608, 78 L.Ed. 1099, supra, this action was erroneous; but the question was one which the court was competent to determine, ,and its determination thereof, while subject to correction on appeal, was not a nullity. And it is immaterial that the removal was ordered upon a ground which as a matter of law furnished no basis of jurisdiction. This was expressly held in Dowell v. Applegate, 152 U.S. 327, 14 S.Ct. 611, 616, 38 L.Ed. 463, where, after adverting to the contention that the ground upon which the federal court assumed jurisdiction was insufficient in law to -make the case one arising under the laws of the United States, the court used language which is conclusive of the point here, saying: ‘But that was a question which the circuit court of the United States was competent to' determine in the first instance. Its -determination of it was the exercise of jurisdiction. Even if that court erred in entertaining jurisdiction, its determination of that matter was conclusive upon the parties before it, and could not be questioned by them, or either of them, collaterally, or otherwise than on writ of error or appeal to this court.’ ”
Decisions of the United States Supreme Court are cited in the opinion of that case, some involving removal procedure and others suits filed initially in the federal court where the latter had no jurisdiction. They hold that the federal district court is competent to decide whether or not it has jurisdiction to determine a cause, and that when it has ruled on such issue, the judgment even if erroneous is not a nullity which can be ignored. Rather, it, like other judgments which the court is authorized to render, remains in effect until reversed on appeal or on a writ of error to the proper federal appellate tribunal. See also Chesapeake & Ohio Railroad Company v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765. We are in accord with such holdings.
 Moreover, as a matter of comity, it' appears to us that the courts of this state should refrain (as the district court and the Court of Appeal did here) from upholding their jurisdiction over that of the federal courts with respect to a given subject matter already the subject of decrees of the latter courts. Our court sys *1121 tem should not he used as an instrument to circumvent orders and decrees of a federal court in a controversy in which the latter has already asserted its jurisdiction. Any other course, if pursued regularly, will set the state and federal courts into continuous and chaotic conflict; and it will place litigants as well as the district judges of this state in an obviously untenable, if not impossible, position, such as would result in the present case if we were to order the district judge herein (and ultimately the defendants) to defy the presently existing orders of the federal court.
In conclusion we deem it pertinent to observe that the foregoing considerations prompted our denial of certiorari and mandamus in the case of Houye v. St. Martin Parish School Board, 255 La. 486, 231 So. 2d 397. That case (as pointed out by relators in their application for certiorari and mandamus in this cause) presented the same issues as are involved here. Our reexamination of the issues has convinced us of the correctness of our ruling therein.
For the reasons assigned the writs heretofore issued by us herein are recalled, and the petition of relators is dismissed at their costs.