447 So.2d 1205 (1984)
Joycelyn M. Jones, wife of Hurie JONES
v.
JEFFERSON PARISH SCHOOL BOARD.
No. 83-CA-661.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Writ Denied May 25, 1984.
*1206 Jack A. Grant, Grant & Barrow, Gretna, for defendant-appellee.
Joycelyn M. Jones and Hurie Jones in personam.
Before CHEHARDY, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
Appellants are Mr. and Mrs. Hurie Jones, whose petition in the 24th Judicial District Court was dismissed via the trial judge's maintaining exceptions of res judicata and prescription. On appeal, Mr. and Mrs. Jones contend that the appraised exceptions were "... absolutely without any merit..." and should not have been sustained.
Mr. and Mrs. Jones had been school teachers in the Jefferson Parish system. They were terminated by the school board in 1981 for alleged neglect of duty and incompetency.
After carefully reviewing the record, we are of the opinion that the trial judge was correct in maintaining the exception of res judicata, and we affirm his dismissal of the suit.
Originally, appellants filed suit in the United States District Court, Eastern District of Louisiana, alleging violation of various civil and constitutionally-guaranteed rights. After a full trial, appellants' suit was dismissed, judgment in case numbered 81-3563 being signed on December 21, 1981.
An appeal to the United States Court of Appeals for the Fifth Circuit was similarly unsuccessful, the Fifth Circuit's four-page opinion, numbered 81-3601 and dated September 17, 1982, being attached to and part of the exceptions filed by the Jefferson Parish School Board in the instant case. Writs to the United States Supreme Court were denied.
Mr. and Mrs. Jones filed the 24th Judicial District suit on May 31, 1983, saying that they were duly certified and tenured teachers and that the school board owed them $4,600,000.00 for denial of their rights. They asked that the 24th Judicial District Court:
"... accept and review, in making its judicial determination(s), the complete transcripts of the trial court's proceeding in the Federal District Court ... and review all of petitioners' briefs and jurisdictional statements on appeal submitted to the United States Court of Appeals for the Fifth Circuit and to the United States Supreme Court."
The actions by the school board complained of in the current petition were considered by the federal courts, which concluded that the terminations by the school board were "... for wilful neglect of duty and incompetency, and not for any improper reason."[1] *1207 LSA-C.C. art. 2286 deals with the essential elements of res judicata, to wit:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
A final judgment in the federal system can form the basis of a res judicata plea in state court. See Swope v. St. Mary Parish School Board, 256 La. 1110, 241 So.2d 238 (1970); and Reaux v. Iberia Parish Police Jury, 411 So.2d 727 (La.App. 3rd Cir.1982).
Here, the plaintiffs and defendant are the same as in the federal case, the demandi.e., the things complained of are exactly alike and everything else concerning the 24th Judicial District Court petition is synonymous with the substance of and the issues raised in the federal court litigation. Accordingly, the exception of res judicata is well founded.
There is no need for us to pass on the exception of prescription, although we note that LSA-R.S. 17:443 gives a terminated tenured teacher one year to "... petition a court of competent jurisdiction for a full hearing to review the action of the school board..." Appellants argue that the federal court suit interrupted prescription.
Regardless, the exception of res judicata was justifiably maintained, and we affirm the trial judge's dismissal of the suit in the 24th Judicial District Court.
AFFIRMED.
NOTES
[1] From the Fifth Circuit's opinion.