LABORDE, Judge.
Appellant, David V. Sibley, appeals the decision of the trial court dismissing his suit under an exception of res judicata. Sibley contends that the state district court should hear his case since the federal district court which first heard his case had no jurisdiction and, therefore, no authority to render a decision. After reviewing the record, we conclude that the trial judge was correct in maintaining the exception of res judicata.
Originally, Sibley filed suit in the United States District Court, Western District of Louisiana, alleging that he was denied employment as a fireman because he was black. In federal court the appellees, City of Natchitoches and Natchitoches Parish Police Jury, filed a motion to dismiss and a motion for summary judgment. The federal district court granted the appellees’ motion for summary judgment stating:
“(1) This Court has no jurisdiction. Plaintiff alleged that he was denied employment as a fireman because he is a Black. The undisputed evidence establishes that four vacancies were available and three were filled by Blacks. (2) In the alternative defendant’s Motion for Summary Judgment was granted on the same grounds as above. Plaintiff failed to introduce any evidence contradicting the above and the only allegations of fact alleged by him were that some of the three blacks that were hired were less qualified than he and too that the three hired blacks were less black than he. Neither of these contentions is relevant to the [42 U.S.C.A.] 1983 issue involved.”
An appeal to the United States Court of Appeals for the Fifth Circuit was similarly unsuccessful. Plaintiff warned that he would apply to the United States Supreme Court to review his case.[1] Thereafter, Sib-ley filed suit in state district court alleging discrimination of his right to be employed along with a plethora of “counts” as to why he was deprived of his civil and constitutional rights. The Fifth Circuit’s two page opinion, numbered 85-4743 and dated January 16, 1985, was attached to and made part of the exception of res judicata filed by the Natchitoches Parish Police Jury in the instant case.
After reviewing all information available to us from the federal and state courts, we are of the opinion that the dismissal of this case under the exception of res judicata was well founded. Although the federal district court stated that it had no jurisdiction, it went on to hold that the plaintiff failed to contradict the undisputed evidence that four vacancies were available and three were filled by blacks. Furthermore, the Fifth Circuit of the United States Court of Appeals in holding that the appellant, *639 David V. Sibley, failed to raise any nonfriv-olous issue for appeal stated:
“Once appellees produced evidence in support of their motion for summary judgment to show that they had legitimate, nondiscrimatory reasons for refusing to hire appellant, appellant had the burden to submit evidence to dispute appellees’ showing or to show that appel-lees' explanaton [sic] was pretextual.”
The Fifth Circuit’s dismissal of plaintiff’s suit clearly did not rest on jurisdictional grounds.
It is well settled that a final judgment in a federal court can form a basis of a plea of res judicata[2] in state court. Jones v. Jefferson Parish School Board, 447 So.2d 1205 (La.App. 5th Cir.), writ denied, 450 So.2d 953 (La.1984).
In Jones, 447 So.2d at 1205, a similar situation occurred when plaintiffs initially filed suit in federal district court. After relief was denied, plaintiffs appealed the decision to the United States Supreme Court where writs were denied. Thereafter, the plaintiffs filed suit in state district court using the same pleadings as those filed in the federal court. The court held: “Here, the plaintiffs and defendant are the same as in the federal case, the demand — i.e., the thing complained of — are exactly alike and everything else concerning the 24th Judicial District court petition is synonymous with the substance of the issues raised in the federal court litigation.” Id. at 1207. The court then dismissed the case under an exception of res judicata.
In the instant case, after Sibley appealed his case through the federal system, he used the same petition to file his state court claim. Everything complained of, the demand, cause of action, and parties in the same quality, in his state court suit is synonymous in substance with his federal court action. The trial judge correctly dismissed the suit.
For the above and foregoing reasons, the actions of the district court dismissing this suit under an exception of res judicata is affirmed. David V. Sibley is to pay all costs of this appeal.
AFFIRMED.

. The record does not reflect whether Sibley applied to the United States Supreme Court for writs. Lack of any definitive response at oral argument that writs were applied for can only lead us to conclude that the plaintiff's application, if any, was denied.

. The essential elements of res judicata are found in LSA-R.S. 13:4231 as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."