669 So.2d 1328 (1996)
Michael and Denise ANSALVE
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 95-CA-0211.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
*1329 Victor J. Gonzalez, Metairie, for plaintiffs/appellants, Michael and Denise Ansalve.
Wayne R. Maldonado, Caroline Ibos, Lobman, Carnahan and Batt, Metairie, for defendant/appellee, State Farm Mutual Automobile Insurance Co.
Before BYRNES, LOBRANO and MURRAY, JJ.
MURRAY, Judge.
The issues raised in this appeal involve the effect a state court may give to rulings by a federal district court in a case over which the federal court determined it had no subject *1330 matter jurisdiction. Plaintiffs Michael and Denise Ansalve appeal three adverse rulings by the district court in Plaquemines Parish following remand of their civil suit against State Farm Mutual Automobile Insurance Company (State Farm) by the federal district court.

FACTS
On March 12, 1992, Michael and Denise Ansalve filed suit in state district court in Plaquemines Parish, claiming that State Farm had wrongfully cancelled their auto insurance policy. The Ansalves asserted that the cancellation was wrongful because it was based upon two incidents that had occurred more than three years earlier, as well as two accidents in which they were not at fault. The petition alleged that State Farm's conduct constituted unfair trade practices, breach of contract, breach of fiduciary duty, and breach of the duty of good faith owed to its insureds. The Ansalves sought reinstatement of coverage at their old rates plus compensatory and punitive damages.
State Farm filed a Notice of Removal in the state court on April 1, 1992, alleging that there was diversity of citizenship and that the amount in controversy exceeded fifty thousand dollars, exclusive of interest and costs. No motion for remand was filed, and discovery proceeded in federal court. Pursuant to Fed.R.Civ.P. 12(b)(6), State Farm sought and obtained dismissal of two of the Ansalves' claims. It subsequently filed a motion for summary judgment seeking dismissal of the single remaining claim. The federal district court did not rule on the summary judgment motion. Rather, since the court found that State Farm's "bare averment" of the amount in dispute in its removal petition was insufficient to carry its burden of establishing subject matter jurisdiction, it analyzed the claims as of the time the case was removed, including the previously dismissed claims, and determined that the amount in controversy could not support an award greater than fifty thousand dollars, exclusive of interest and costs. Therefore, the court remanded the case.
On February 1, 1993, a certified copy of the three-page remand order was filed in the state court record. Following remand, the trial court held a status conference, and, in October 1993, it issued a scheduling order. On December 6, 1993, State Farm filed a "Motion to Supplement the Record and Adopt Rulings of the Federal Court". The Motion asserted that "a certified copy of the pleadings and Minute Entries filed in the United States District Court ... (is) attached hereto and made a part hereof." However, contrary to this assertion, State Farm did not file the pleadings and rulings, which were the object of its motion, in the record.[1]
Both parties submitted memoranda on the motion, which was argued on January 19, 1994. A written judgment was rendered the same day, stating that "the Motion ... is granted and this Court accepts the captioned case as it stood at the time it was remanded, without prejudice to any parties' right to file subsequent pleadings." The Ansalves appealed this judgment. They also filed an amending petition in order to cure a deficiency in their original petition.[2]
*1331 In response to the amended petition, State Farm filed exceptions of prescription, res judicata and no cause of action, arguing that it was too late for the Ansalves to cure or in any way resurrect the claims dismissed by the federal court. A copy of the federal court's partial dismissal entered in July 1992 was attached to State Farm's supporting memorandum. State Farm also obtained a hearing date for its motion for summary judgment which had been filed and argued, but not decided, in federal court. Neither the summary judgment motion, the supporting memorandum nor any evidence in support of the motion was filed in this record.
State Farm's exceptions and the motion for summary judgment, seeking dismissal of the Ansalves' remaining claim, were argued on March 8, 1994. A written judgment maintaining the exception of res judicata[3] and thus dismissing the claim raised in the Ansalves' amending petition was signed March 29, 1994. On July 7, 1994, a judgment granting State Farm's motion for summary judgment was signed. The Ansalves timely appealed both decisions.

ARGUMENTS
On appeal, the Ansalves argue that since the copy of the federal proceedings was not formally filed for record in the court below, that material cannot be considered by either the trial court or this court in deciding any issues in this case. Also, although conceding that this court has previously given effect to federal pleadings in Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir.1965), they assert that the "adoption" of federal rulings by the trial court went beyond that precedent. The Ansalves further contend that "adoption" of the federal court judgment dismissing some of their claims was impermissible because of the differences between federal and state civil procedure. Finally, they argue that the actions by the federal court cannot have res judicata effect because the court did not have jurisdiction of their claims.
In response, State Farm contends that plaintiffs' counsel knew that copies of the materials from federal court would not be filed into the state court record. Further, State Farm notes that the plaintiffs do not dispute that it furnished an authentic copy of the federal record to the trial court, or deny that the trial court reviewed these pleadings and considered plaintiffs' arguments against the Fed.R.Civ.P. 12(b)(6) and summary judgment motions. State Farm suggests that because plaintiffs did not object to its failure to file the federal pleadings in the record, and since the trial judge had an opportunity to review these pleadings it is not necessary for the pleadings to actually be in the record.[4]
State Farm argues that, after remand, "a trial judge has discretion to deal with (a) case as he sees fit," citing Bolden v. Brazile, supra, as well as Armentor v. General Motors Corp., 399 So.2d 811 (La.App. 3d Cir. 1981) and cases from other jurisdictions. State Farm contends that this includes the discretion to adopt the pleadings filed in federal court prior to remand and dispositive rulings by the district court. Since the trial court's actions herein saved the parties time, effort and expense, State Farm argues that the court did not abuse its discretion.
Addressing the question of jurisdiction, State Farm contends that all rulings by the federal court prior to remand are valid because the court had jurisdiction until that time. It premises this argument on the fact that the court did not immediately remand the case, and proceeded with substantive motions.
Alternatively, State Farm argues that the federal court dismissal of two of the Ansalves' claims must be given res judicata effect, even if the federal court was without jurisdiction, because the July 8, 1992, order of dismissal was not appealed.

*1332 DISCUSSION

I. Jurisdiction of federal court
We first address State Farm's arguments that the federal court had jurisdiction of this case at the time that it entered the order dismissing two of plaintiffs' claims. None of the authority cited by State Farm supports this proposition.
State Farm cites Windholz v. Everett, 74 F.2d 834 (4th Cir.1935), as supporting its position on this issue. Windholz involved a case that was removed to the federal court where trial resulted in a directed verdict for the defendants. Following entry of judgment, plaintiffs excepted to the judgment, but did not appeal. Instead, after the expiration of the court's term, plaintiffs moved to set aside the verdict on the ground that the court was without jurisdiction. The motion was granted, the judgment was set aside, and the matter remanded to the state court. Defendants appealed, and the appellate court reversed the remand, holding that where a party fails to challenge a court's jurisdiction either prior to judgment or through a timely appeal, the judgment cannot be attacked for lack of jurisdiction.
Windholz is inapplicable to this case in which there was no final judgment by the district court to prevent its considering the issue of jurisdiction and remanding the case.[5] In fact, since subject matter jurisdiction cannot be created or waived by the parties, the court had an obligation to act sua sponte. Beers v. North American Van Lines, Inc., 836 F.2d 910, 912 (5th Cir.1988).
State Farm also relies heavily on Swope v. St. Mary Parish School Board, 256 La. 1110, 241 So.2d 238 (1970), a case in which the Louisiana Supreme Court considered the power of a state court to enjoin enforcement of a federal order of desegregation that was challenged in state court on the basis that the federal court lacked jurisdiction. In Swope the Court opined that "the federal district court is competent to decide whether or not it has jurisdiction to determine a cause, and ... when it has ruled on such issue, the judgment even if erroneous is not a nullity which can be ignored." Swope at 1120, 241 So.2d at 242 (emphasis in original deleted).
State Farm contends that by not remanding the case immediately and entertaining substantive motions the federal court determined that it had jurisdiction. State Farm cited no authority for this proposition nor has our research discovered any. Plaintiffs did not move to remand.[6] However, the federal court, having found that State Farm failed to carry its burden of demonstrating that the federal court had subject matter jurisdiction, was required independently to "ascertain whether the jurisdictional amount had been met." Remand Order of January 21, 1993, p. 2. After evaluating all claims asserted by plaintiffs in their original petition, the court determined that there was no federal jurisdiction. Thus, to the extent that Swope is applicable to this case, it would dictate that the federal court's determination that it lacked jurisdiction not be ignored.
Contrary to State Farm's position on this question, it is well settled that a remand for lack of subject matter jurisdiction operates retroactively and nullifies any prior orders or judgments of the federal district court. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The federal court could not have exercised original jurisdiction of the claims asserted by the Ansalves in this case. Were we to adopt State Farm's position on this issue we would allow the party that improperly removed this case to "work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them." Id. at 18, 71 S.Ct. at 542.
*1333 We therefore find that the federal court's rulings prior to remand are without effect because it was not a court of competent jurisdiction.

II. Exception of res judicata

The Ansalves contend that since the federal court lacked jurisdiction, State Farm's exception of res judicata should have been overruled and amendment of their petition permitted. State Farm counters that exception was properly maintained because a dismissal under Fed.R.Civ.P. 12(b)(6) operates as an adjudication on the merits and the Ansalves did not appeal the federal court's July 1992 order.
La.Rev.Stat.Ann. § 13:4231 provides that "a valid and final judgment is conclusive between the same parties, except on appeal or other direct review." As explained in Comment (d) to the statute, in order to support an exception of res judicata a judgment "must have been rendered by a court with jurisdiction over subject matter,"[7] and "(t)he use of the phrase `final judgment' also means that the preclusive effect ... attaches once a final judgment has been signed."
As discussed above, the July 1992 judgment asserted as a bar to the Ansalves' amended petition was not rendered by a court of competent jurisdiction. Furthermore, although a dismissal of a complaint for failure to state a claim may be an adjudication on the merits, a partial dismissal is an interlocutory judgment, from which there is no appeal as of right. Fed.R.Civ.P. 54(b); Bader v. Atlantic International, Ltd., 986 F.2d 912, 915 (5th Cir.1993).
Because the federal court's order of July 1992 dismissing two of plaintiffs' claims was neither valid nor final, it has no preclusive effect. The trial court erred when it maintained the exception of res judicata.

III. Adoption of federal pleadings after remand
Notwithstanding the federal court's lack of jurisdiction, the Ansalves concede that the trial court had the discretion to give effect to pleadings filed in the federal court action if certified copies of those pleadings are actually filed with the Clerk of Court for inclusion in the record. Since State Farm did not file its summary judgment motion or any supporting evidence in the record, the Ansalves contend that the record does not support the trial court's ruling. In contrast, State Farm argues that filing is a mere technicality. Because the trial judge had all materials filed in connection with the summary judgment motion before him when he ruled, and since both parties had an opportunity to be heard, State Farm contends that the summary judgment should be affirmed.
We find neither statutory nor jurisprudential support for State Farm's position. Article 253 of the Louisiana Code of Civil Procedure requires that:
All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law.
Not until a pleading is accepted by the Clerk of Court for filing does it become a part of the record for that proceeding. Squatrito v. Barnett, 338 So.2d 975 (La.App. 4th Cir. 1976); see also Bolden v. Brazile, 159 So.2d 383, 384 (La.App. 4th Cir.1964) (before appellate court may review issue of effect to be given to federal pleadings case must be remanded for Clerk of Court to insert in record all of the proceedings and pleadings while the matter was pending in the federal district court); Edward Hansen, Inc. v. Kearny Post Office Associates, 166 N.J.Super. 161, 399 A.2d 319, 323 (Ch.Div.1979) (ordered that copies of the federal pleadings be filed with the Clerk of Court in order to be given effect in the state court proceedings).[8] *1334 Not even a district court judge may substitute for the Clerk or Deputy Clerk in the performance of this function. Johnson v. State Farm Mutual Automobile Ins. Co., 241 So.2d 799 (La.App. 3d Cir.1970).
A trial court cannot render a judgment or ruling that is not based upon pleadings and supporting evidence properly filed in the record. Economy Carpets Manufacturers & Distributors, Inc. v. Better Business Bureau, 319 So.2d 783 (La.1975); Gulf Coast Bank & Trust Co. v. Eckert, 95-156 (La.App. 5th Cir. 5/30/95), 656 So.2d 1081, writ denied, 95-1632 (La.10/6/95), 661 So.2d 474. An appellate court cannot consider pleadings or documents not filed in the trial court. White v. West Carroll Hospital, Inc., 613 So.2d 150, 154 (La.1992).
This record contains none of the federal pleadings nor any evidence upon which the trial court relied in determining that State Farm was entitled to summary judgment, making it impossible for this court to review the trial court's decision. Since there is nothing in the record to support the granting of State Farm's motion for summary judgment, it must be reversed.

IV. Adoption of federal rulings after remand
Res judicata precludes relitigation of both claims and issues arising out of the same factual circumstances if there is a valid final judgment. La.Rev.Stat. Ann. § 13:4231. However, even where a prior judgment cannot support an exception of res judicata, there is no bar to a court's consideration of the prior ruling if the same issue is reurged.
In this case, for example, once certified copies of State Farm's motion under Fed.R.Civ.P. 12(b)(6), any related memoranda and the July 1992 order are filed in the record, the court below may treat it as a peremptory exception of no cause of action under La.Code Civ.Proc.Ann. art. 927 and render judgment accordingly.[9] As long as all parties have an opportunity to be heard[10] and the trial court's reasons for judgment, including any consideration given to the prior decision, are in the record, the procedural and substantive requirements of our law will be met.

V. Summary
Since the federal district court did not have jurisdiction of the claims asserted by plaintiffs herein, its partial dismissal of plaintiffs' claim cannot be given preclusive effect, and the judgment maintaining State Farm's exception of res judicata must be reversed. The judgments granting State Farm's "Motion to Supplement the Record and Adopt Rulings of the Federal Court" and motion for summary judgment must also be reversed because the federal pleadings were not filed for record. On remand, the trial court may give effect to federal pleadings. The court also may consider earlier rulings and may adopt those rulings as long as the rulings and the reasons therefore are either in the record or incorporated in the court's judgment.
The costs of this appeal are to be borne by defendant/appellee, State Farm Mutual Automobile Insurance Company.
REVERSED AND REMANDED
LOBRANO, J., concurs.
*1335 LOBRANO, Judge, concurring.
I agree with the majority that once the federal district court determined it did not have subject matter jurisdiction all prior judgments and orders are nullified. In fact, in my opinion, they are an absolute nullity. Once that determination is made, State Farm's res judicata argument becomes moot because there is no valid prior judgment to rely on. There is really no need to address that issue. However, as the majority correctly opines, that does not prevent the state court from giving effect to the pleadings previously filed in federal court, which must be filed in the trial court record.
NOTES
[1] In paragraph 4 of an affidavit submitted in response to an Order from this Court to supplement the record with the federal court records, a representative of the Clerk of the 25th Judicial District Court stated "[T]hat the record submitted to the Fourth Circuit Court of Appeal is complete as submitted. The federal records were never filed into the record by State Farm Mutual Automobile Insurance Company due to the expense involved; therefore, they are not part of the record at the trial court level." Affidavit dated May 17, 1995, by Dorothy M. Chevalier, Chief Deputy Clerk, 25th J.D.C. for the Parish of Plaquemines.

Unless a litigant is permitted to proceed in forma pauperis under La.Code Civ.Proc.Ann. art. 5181 et seq., the Clerk of Court "shall be entitled to demand and receive" the fees enumerated in La.Rev.Stat.Ann. § 13:841 when pleadings are accepted for filing.
[2] The federal district court had held that one claim would be dismissed under Fed.R.Civ.P. 12(b)(6) because the Ansalves' failed to allege that settlement was attempted prior to filing suit.
[3] The other exceptions were dismissed as moot.
[4] In response to questions during oral argument, counsel for State Farm offered to file the federal records in this Court or to provide the panel with a copy of the federal record to "assist" in its review.
[5] See our discussion of res judicata below.
[6] At some point while the matter was pending in federal court, plaintiffs apparently questioned whether their claims satisfied the jurisdictional amount requirement. However, the parties confirmed that no remand motion was ever filed. The trial court did not address the jurisdictional issue until its remand order of January 21, 1993.
[7] See Kelty v. Brumfield, 93-1142, p. 6 (La.2/25/94), 633 So.2d 1210, 1215.
[8] State Farm cites two cases from other jurisdictions which held that the failure to refile certain federal pleadings after remand did not prevent a state court from ruling on those pleadings. However, neither case is binding on this court, nor would either preclude a requirement that federal pleadings be filed in the state court record before being ruled upon (both cases cited Ayres v. Wiswall, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693, which held that it is for the state court to determine what is to be done on remand with pleadings filed and testimony taken while the case was pending in federal court).
[9] We note, however, that while federal procedure permits partial dismissals under Rule 12(b)(6), our courts generally do not recognize a "partial" exception of no cause of action. See, e.g., Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 (La.1993).
[10] A transcript of any prior oral argument may be used in lieu of another hearing, or the parties may waive oral argument.