| .WALTER J. ROTHSCHILD, Judge.
On November 18, 1996, Treva Richmond, individually and on behalf of her minor child, Teriana Richmond, filed a Petition for Damages in the 24th Judicial District Court. Named as defendants in the petition were Pam Dow, R.N., American Casualty Company of Reading, PA, Meadowcrest Hospital, and Wayne Grund-meyer, M.D. The petition alleges that while Ms. Richmond was in labor at Mea-dowcrest Hospital, Pam Dow, R.N. administered pitocin to Ms. Richmond without a doctor’s order, which caused severe injuries to the right shoulder, including the brachial plexus, of the child that was born, Teriana Richmond.
Meadowcrest was self-insured at the time of the injury, but had also paid surcharges to the Louisiana Patient’s Compensation Fund (“PCF”) and was a qualified health care provider covered by the Fund. Ms. Dow was an employee of Mea-dowcrest at the time of the malpractice. Ms. Dow also had an independent policy of professional liability insurance with American Casualty Company of Reading, Pennsylvania.
The plaintiffs settled their malpractice claim against Meadowcrest as employer of/and Pam Dow, and a Joint Petition Seeking Approval of the |,.Settlement was filed. On August 27, 1999, the trial court signed a judgment approving the settlement and requiring the payment of $100,000 to the plaintiffs. However, the judgment provided that “defendant Dow shall remain a nominal defendant as necessary for plaintiffs to pursue any claims against Dow’s insurer, American Casualty Company of Reading, Pennsylvania under the Louisiana Direct Action Statute.” The judgment also preserved the plaintiffs rights against all of the remaining defendants, including the right to seek excess damages from the PCF.
On September 3, 1999, American Casualty filed an Exception of No Cause of Action or in the Alternative, Motion for Summary Judgment. The trial court held a hearing on this matter on March 29, 2000, and American Casualty’s Motion for Summary Judgment was granted. On May 17, 2000, the trial court signed a judgment granting American Casualty’s Motion for Summary Judgment and dismissing it from this lawsuit, with prejudice.
On August 14, 2000, the Louisiana Patient’s Compensation Fund filed a Third Party Demand against American Casualty seeking indemnity and reimbursement for any amount that the Fund may be cast in judgment.[1] American Casualty filed an Exception of Res Judicata, and a hearing on this matter was held on October 4, 2000. The trial court sustained the Exception of Res Judicata, and a judgment was signed on October 10, 2000. It is from this judgment that the PCF appeals.

DISCUSSION

On appeal, the PCF argues that its Third Party Demand should not have been dismissed, because it has a statutory right to indemnity and reimbursement from Pam Dow’s insurer, American Casualty, pursuant to LSA-R.S. 40:1299.44(D). *472 1 ¿American Casualty contends that the issues set forth in the Third Party Demand were previously ruled on when the trial court granted summary judgment in favor of American Casualty and dismissed it from the lawsuit. Therefore, American Casualty asserts that the trial court properly granted its Exception of Res Judicata and dismissed the PCF’s Third Party Demand.
In American Casualty’s Motion for Summary Judgment, it asserts that Pam Dow was a qualified health care provider and that the Medical Malpractice Act provides that a qualified health care provider is not liable for amounts over $100,000, pursuant to LSA-R.S. 40:1299.42(B)(2). It further contends that the plaintiff cannot maintain a cause of action against Pam Dow’s insurer, American Casualty, after the statutory limit of $100,000 has been paid. Although the PCF argues that it was not a party to the Motion for Summary Judgment, the PCF filed an Opposition to American Casualty’s Exception of No Cause of Action/Motion for Summary Judgment and argued its position on this issue at the hearing on this motion. In the Opposition, the PCF contends that Pam Dow was not a qualified health care provider and that Meadowcrest, not Ms. Dow or American Casualty, paid surcharges to the PCF and was entitled to coverage through the PCF. The PCF argues that all liability allocated to Pam Dow is the responsibility of American Casualty, not the PCF. The PCF further asserts that it has a right of indemnity and contribution from American Casualty.
At the hearing on American Casualty’s Exception of No Cause of Action/Motion for Summary Judgment, the PCF was represented by counsel. Counsel for the PCF argued as follows:
Regarding American Casualty and their insurance policy, it’s the Fund’s position that American Casualty did issue a policy of professional liability to Pam Dow from the very beginning. It is an excess insurance policy. American Casualty responded and answered on behalf of Pam Dow. We feel it would be a fraud upon the client, Pam Dow, to pay insurance premiums and not have access |Bto the excess insurance.
Also, American Casualty did not plead the limitation of liability in this case. And, therefore, it’s the Fund’s position that they have waived it.
And, additionally, regarding the right of contribution, the Fund does have a right of contribution as set forth in the statute. And the Fund feels that they should be able to proceed against American Casualty for- the excess insurance policy.
At the end of the hearing, the trial judge stated:
Okay. I don’t believe we’re talking about excess insurance here, because the Act does not provide excess insurance. You’ve got $100,000, and then you’ve got 400 remaining. If you had excess of 100, does that mean you have 600? I don’t think it does. I think the whole— if someone has two insurances, I think the case cited is when they picked which one primed the other one. And once you prime the other one, the second one is just non-existent for this case. So I’m going to grant the motion — I think there is no cause of action, but out of an abundance of caution, I’m going to grant a motion for summary judgment.
The judgment of the trial court indicated that the Motion for Summary Judgment was granted and that American Casualty was dismissed from the lawsuit. On August 14, 2000, the PCF filed a Third Party Demand seeking indemnity and/or contribution from American Casualty for any amounts that the Fund may be cast in *473 judgment. Thereafter, on August 21, 2000, American Casualty filed an Exception of Res Judicata, which was granted by the trial court.
Res judicata precludes relit-igation of claims and issues arising out of the same factual circumstances when there is a valid final judgment. Ansalve v. State Farm Mutual Automobile Ins. Co., 95-0211 (La.App. 4 Cir. 2/15/96), 669 So.2d 1328, 1333. It promotes judicial efficiency and final resolution of disputes. Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077, 1079.
LSA-R.S. 13:4231 states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, | ñto the following extent:
1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In its appellant brief, the PCF contends that the issue in American Casualty’s Motion for Summary Judgment was whether the plaintiff, not the PCF, could maintain a cause of action against American Casualty. The PCF further states, “No allegations were raised as to the rights of the Louisiana Patient’s Compensation Fund to seek contribution or indemnity ...” However, the record of these proceedings indicates that the rights of the PCF to seek contribution and indemnity were raised and addressed. The PCF filed an Opposition to American Casualty’s Motion for Summary Judgment/Exception of No Cause of Action, asserting its right to indemnity, contribution, or reimbursement. At the hearing on this matter, counsel for the PCF was present and argued that it was entitled to indemnity or contribution. The trial judge apparently believed that the PCF coverage primed the coverage provided by American Casualty and that the PCF was not entitled to indemnity, contribution, or reimbursement.
An identification of the issues actually litigated is determined by examining the entire record, not just the pleadings. Ebey v. Harvill, 26,373 (La.App. 2 Cir. 12/7/94), 647 So.2d 461, 464. Considering the record in this matter, we find that the demands against American Casualty in the PCF’s Third Party Demand were 17previously adjudicated when the Motion for Summary Judgment filed by American Casualty was granted and American Casualty was dismissed from the lawsuit with prejudice. The trial court’s ruling granting summary judgment in favor of American Casualty was not appealed and became a final judgment. Therefore, pursuant to the doctrine of res judicata, the PCF cannot relitigate these issues.
Although the PCF argues the merits of American Casualty’s Motion for Summary Judgment, the correctness of the ruling on that motion is not before this Court. Once a final judgment acquires the authority of a thing adjudged, no court has jurisdiction to change the judgment. Tolis v. Board of Supervisors of Louisiana State Universi *474 ty, 95-1529 (La.10/13/95), 660 So.2d 1206, 1206-1207. In this case, the duty of this Court is to determine whether the issues set forth in the Third Party Demand were previously litigated and thus, barred by res judicata, not whether the prior adjudication of these issues was correct or incorrect.
The record reveals that the issues in the Third Party Demand were indeed previously litigated. Therefore, the PCF is barred by res judicata from raising these issues and litigating them again. Accordingly, we find that the trial court was correct when it sustained American Casualty’s Exception of Res Judicata and denied the PCF’s Third Party Demand.

AFFIRMED.

. Trial was subsequently held on October 31, 2000 and November 2, 2000. The trial court rendered a judgment in favor of the plaintiffs for over $900,000. This judgment was reduced to $500,000 pursuant to the Medical Malpractice Act, and a $100,000 credit for prior payment was given. The trial court also found that the PCF is responsible for Teriana Richmond's future medical care relating to this injury.