LEAR, Judge.
Deborah H. Smith, plaintiff-appellant, was the mother of Thomas E. Smith, who was employed by defendant-appellee, G. H. Fluid Company (G. H.). On January 19, 1980, while in the employ of G. H., Thomas E. Smith fell off a barge and drowned. Thereafter, appellant filed suit against G. H. and its insurer. The Travelers Insurance Company (Travelers) in the United States District Court for the Eastern District of Louisiana in a suit entitled “Mrs. Deborah H. Smith, wife of/and Thomas G. Smith v. G. H. Fluid Services, Inc. and Travelers Insurance Company”, Civil Action No. 80-1110, Section “L”.[1] In that suit, appellant alleged that her cause of action was based on the drowning of her son on January 19, 1980, and appellant sought damages for the death of her son.
*7 After filing of the above referred to lawsuit, in consideration of the amount of $35,-000.00 paid to her, appellant entered into a compromise agreement with appellees and others, whereby she released and discharged appellees and agreed to dismiss the above referred to lawsuit. Appellant, through her attorney, then filed a “Motion To Dismiss” in the above referred to federal lawsuit. On June 24, 1980, a United States district judge signed an order dismissing said lawsuit, with prejudice. That judgment of dismissal is now final.
On January 19, 1981, appellant filed this instant suit in state court against G. H. and Travelers, seeking damages for the wrongful death of her son, Thomas E. Smith, on January 19, 1980. Appellees then filed a peremptory exception urging the objection of res judicata, based on, among other things, the prior dismissal of the above referred federal lawsuit. The trial court sustained appellees’ exception and dismissed appellant’s suit with prejudice. Appellant now appeals that dismissal.
Louisiana Civil Code Article 2286, which sets out the essential elements which must be present to support a plea of res judicata, provides as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
We find that in both the prior federal suit and this instant suit the thing demanded, monetary damages, is the same. We further find that both suits are founded on the same cause of action, that is, the drowning death of appellant’s son while in the employ of G. H. We further find that, at least as to appellant and appellees, the parties are the same in both suits and the demand is formed by them against each other in the same quality.
In addition to the sustaining of ap-pellees’ exception of res judicata, appellant complains that the trial court did not allow her to amend her suit, alleging that La.C. C.P. Article 934 requires such. However, we find that Art. 934 requires the trial court to allow amendment, rather than dismissing the suit, only where the grounds of the objection pleaded by the peremptory exception may be removed by such an amendment. Where the grounds for the objection cannot be so removed, the court must dismiss the suit. Appellant cannot remove the grounds for the objection, as nothing can be done by her to change the allegations of the prior suit, its dismissal or the finality of that judgment of dismissal. Thus, the trial court was correct in dismissing appellant’s instant suit.
For the above and foregoing reasons, the judgment of the trial court in favor of G. H. Fluid Company and The Travelers Insurance Company and against Deborah H. Smith, sustaining appellees’ exception of res judicata is hereby affirmed. All costs, both at trial and on appeal, are to be paid by plaintiff-appellant, Deborah H. Smith.
AFFIRMED.

. While we note that appellee is referred to herein as “G. H. Fluid Company” and is named in the prior federal suit as “G. H. Fluid Services, Inc.” appellant has at no time alleged that these parties are not one and the same.