BOWES, Judge.
Appellant Pelham Marina, Inc. (hereinafter “Pelham”) appeals a judgment of the district court granting to Conoco, Inc. (hereinafter “Conoco”) indemnity for sums paid in settlement of a claim for injuries received by Bobby Authement (hereinafter “Authement”) pursuant to a contract between Pelham and Conoco. We affirm.
Originally, Authement filed suit against Conoco in federal district court, alleging that Conoco was liable to him for injuries received when the bulkhead of a dock owned and operated by Conoco collapsed as he stepped from it onto the M/V EDITH PELHAM. The EDITH PELHAM was owned by Authement’s employer, Pelham, but was, at the time of the accident, under charter by Conoco pursuant to a charter agreement dated November 12, 1984. Co-noco filed a third party demand against Pelham seeking indemnity under section XIII (b) of the Charter Agreement which states:
“Except as to claims by employees of Charterer and its co-lessees and as to loss of or damage to the property of Charterer and its co-lessees, all as above provided for, Owner hereby agrees:
[[Image here]]
*642 (b) That it will defend, indemnify and hold harmless Charterer and its co-lessees from any and all claims, demands, or lawsuits brought against Charterer and/or its co-lessees, or any one or more of them, by any individual, legal representative of the individual, or assignee whose services are engaged by Owner to perform any of the work herein undertaken, regardless of whether the person whose services are so engaged by Owner is in legal contemplation the employee of Owner or Charterer, whether such claims and suits are based on the relationship of Master and Servant, third party or otherwise, and even though occasioned, brought about or caused in whole or in part by the negligence of Charterer or its co-lessees, their respective agents, employees or subcontractors, or the unseaworthiness of vessel or craft.”
Authement then amended his original complaint to include Pelham as a defendant on a Jones Act complaint. Pelham moved for and was granted summary judgment on the basis that Authement was not a seaman and not entitled to pursue a Jones Act claim. At that point, the court noted a probable lack of jurisdiction and, after a hearing, dismissed the federal suit. In that judgment, the court found that it did not have admiralty jurisdiction because the alleged tort did not satisfy the nexus requirement stated in Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972)—that is, the wrong did not bear a significant relationship to a traditional maritime activity.
To arrive at that conclusion, the court made an in-depth analysis of the facts as applied to the jurisprudence and concluded that Authement was neither a Jones Act seaman, nor a Sieracki[1] seaman. The court also stated:
“Authement was and is not a covered LHWCA employee....”
Plaintiff then filed suit based on the same cause of action in the 24th Judicial District Court against Conoco and Grand Isle Shipyard, Inc., where the dock was located. The same cause of action was alleged against Conoco, which then, as in federal court, filed a third party demand against Pelham for indemnity.
Before trial, Conoco and Grand Isle settled with Authement. Conoco and Pelham stipulated that the amount paid by Conoco was reasonable, that Conoco’s claim for indemnity was based solely on the Charter Party Agreement of November 11, 1984, and that Conoco did not allege that it was free from fault for purposes of pursuing an indemnity claim under Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987).
The trial court tried the indemnity issue and, following the hearing, entered judgment granting Conoco indemnity. In its Reasons for Judgment, the court found that the contract between Conoco and Pel-ham was wholly a maritime contract and, as such, was governed by federal maritime law. Under federal law, then, the indemnity clause was enforceable. The court rejected Pelham’s theory that the contract was a “mixed” one, which would permit the court to interpret the “non-maritime provisions” in accordance with state law.
On August 29, 1989, Pelham filed a “Motion to Reconsider Or, In the Alternative, Motion And Order For Suspensive Appeal”, averring in part that the Longshoremen and Harbor Worker’s Compensation Act (LHWCA) precluded enforcement of the indemnity clause. Following argument, the court denied Pelham’s Motion to Reconsider, finding that the pleading was, in fact, a-Motion For A New Trial and, as such, was untimely. The court further stated that even if the Motion had not been untimely, the court would not grant it since Pelham raised no new issues, facts or arguments; and that Judge Heebe’s ruling made res judicata the issue of whether or not the LHWCA precluded the enforcement of the indemnity clause. Pelham filed a supplemental motion for appeal from the second judgment, as well as from the July 20 judgment.
*643 At the outset, we note that denial of a motion for a new trial is an interlocutory judgment and, in the absence of irreparable harm, is not appealable. LSA-C. C.P. art. 2083. Williams v. Wendy’s Old Fashioned Hamburgers, 503 So.2d 137 (La.App. 5 Cir.1987); Garrett v. City of Lake Charles, 499 So.2d 956 (La.App. 3 Cir.1986). After review of the motion for reconsideration and the accompanying memo-randa, we find that the trial court correctly characterized the motion as one for a new trial. Therefore, since no irreparable harm was alleged, and we find none, that judgment is not properly before us on appeal. Further, because it was filed well past the delay period specified in C.C.P. art. 1974, the motion was properly denied.
We do have before us the judgment of July 20,1989. Additionally, Pelham has on appeal filed an exception of no cause of action in this court, which it may do under LSA-C.C.P. art. 2163.[2] Pelham’s chief argument in support of its appeal and this exception is that Authement was a worker covered by the LHWCA, which, Pelham argues, precludes indemnity agreements such as the one before us. Pelham refers us to 33 U.S.C. § 905(b) which states in pertinent part:
“In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.”
33 U.S.C. § 902(21) defines a vessel as including, among other things, the vessel’s owner, owner pro hac vice, agent, operator, charter or bare boat charterer. Therefore, it appears that Conoco, as charterer of the EDITH PELHAM, may be a “vessel” within the meaning of 33 U.S.C. § 902(21) and under 905(b) would not ordinarily be entitled to claim indemnity from Authement’s employer, Pelham.
However, we are not obliged to determine this issue because we find, as did the trial court, that the issue of whether Authement is a covered employee under LHWCA is res judicata, as urged by Cono-co. Judge Heebe plainly stated, as quoted hereinabove, that Authement was not a covered LHWCA employee. We do not characterize this as “dicta”, but rather as a specific finding. Res judicata bars relit-igation of the object of an earlier judgment when the thing demanded is the same, is founded on the same cause of action between the same parties in the same capacities seeking the same relief. LSA-R.S. 13:4231. Vicknair v. Hibernia Bldg. Corp., 479 So.2d 904 (La.1985). Prior federal judicial determinations operate to bar state suits on the same cause of action involving the same parties and same demand. See Smith v. G.H. Fluid Co., 418 So.2d 6 (La.App. 1 Cir.1982); Jones v. Jefferson Parish School Bd., 447 So.2d 1205 (La.App. 5 Cir.1984). In Swope v. St. Mary Parish School Board, 256 La. 1110, 241 So.2d 238 (1970), our Supreme Court states:
“The prior federal judgment of dismissal, resultant from the federal court’s denial of the plaintiffs’ motion to remand, is now a definitive judgment, since not appealed and no longer appeal-able .... Since the requisite identities of (1) parties, (b) cause or cause of action, and (c) object of the demand (the thing demanded) are present between the present state proceeding and the prior federal determination such latter determination has acquired the authority of the thing adjudged, i.e., is res judicata.”
In the present case, the federal court found that it had neither original nor pendant jurisdiction in the Authement case. If Authement had been a covered LHWCA employee, the federal court would have had admiralty jurisdiction. The analysis in which the federal court determined that it *644 was without jurisdiction resulted in a dismissal of plaintiffs claim there. We decline to engage in the very same analysis inasmuch as the issue of Authemenf s status under the LHWCA is res judicata, that federal court judgment having never been appealed nor reversed.
Because Authement has been found not to be a covered employee under the LHWCA, clearly his employer, Pelham, cannot invoke the strictures of that law to invalidate the indemnity provisions of the contract.
A ship charter is unquestionably a maritime contract. Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); Angelina Cas. Co. v. Exxon Corp., U.S.A., Inc., 876 F.2d 40 (5 Cir.1989). Pel-ham argues that the Charter Agreement in question is a “mixed” contract, containing both maritime and non-maritime obligations. In Theriot v. Bay Drilling Corp., 783 F.2d 527 (5 Cir.1986), the federal Fifth Circuit discussed indemnity clauses in maritime contracts and found that a contract which focused on the use of a vessel in a maritime transaction is a maritime contract governed by maritime law, and thus invoked maritime law to construe an indemnity clause in that case. See also Lefler v. Atlantic Richfield Co., Inc., 785 F.2d 1341 (5 Cir.1986).
In the present case, the charter agreement clearly focuses on the use of a vessel owned by Pelham but chartered by Conoco for traditional maritime activity. Pursuant to the agreement, Pelham agreed to man, operate, maintain and repair the vessel, provide all supplies and materials required for operating and maintaining the vessel, in connection with oil well drilling operations of Conoco in Louisiana, Texas and the Gulf of Mexico. While there are contained in the charter agreement some non-maritime obligations (such as delegation of payment of state property taxes), the present dispute does not arise out of such a non-maritime obligation and, therefore (in the absence of a choice of law provision in the contract), is governed by maritime law. Angelina, supra; Stoot v. Fluor Drilling Serv., Inc., 851 F.2d 1514 (5 Cir.1988); Corbitt v. Diamond M. Drilling Co., 654 F.2d 329 (5 Cir.1981).
Under maritime law, indemnity agreements such as the one at issue are valid. Theriot, supra; Lefler, supra. Since maritime law is the correct choice of law in construing the indemnity clause of the charter agreement, Louisiana state law, LSA-R.S. 9:2780 (the Louisiana Oilfield Indemnity Act), which would preclude the agreement, is not applicable as urged by Pelham.
Finally, Pelham avers that the contract as drafted by Conoco did not contemplate indemnity for actions under LSA-C.C. art. 2317, strict liability damages, and so any ambiguities in the contract should be construed against Conoco. We find that the language in the clause in question was sufficiently broad enough to encompass the claim at issue. The clause includes, but does not limit itself to, actions on negligence claims. This assignment of error is without merit.
Accordingly, we find no error in the conclusions of the learned trial judge who correctly determined that the third party demand of Conoco against Pelham requesting indemnity under the Charter Agreement is cognizable under federal maritime law; that maritime law permits such indemnity agreements; and that the third party demand should be granted in favor of Conoco.
The judgment of the trial court is affirmed and the exception of no cause of action filed by Pelham in this court is denied. All costs of this appeal are taxed to Pelham.
AFFIRMED.

. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946) extended the warranty of seaworthiness to persons who were not members of the ship’s crew but who were aboard the vessel doing work traditionally performed by a member of the crew.

. LSA-C.C.P. art. 2163 states in pertinent part: The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.